Thank you, your honor. May it please the court, my name is Charles Fleischman. I'm occurring for the appellant, Ms. Hoffman. This case was dismissed by the fourth judge to hear it. We've gone through, this is the third visit to this court. It's been 11 years, four judges and there's still no decision in Hoffman 1 whether she's entitled to medical notice. Counsel, help me on some stuff. Because it's been through so many rounds in so many places, it's hard to understand. First of all, did she get all her disability money? Second, is the plan still trying to get it back? No. They've given up on getting it back? I remember they sent her a letter saying send back six figures worth of money. Yes, they did. But when Hoffman 2 ended, Judge Klausner ordered them to pay all the arrears plus interest and pay all future benefits. Well, no, and pay all arrears plus benefits. But there were no future benefits to be paid. So she's been paid everything in the past and it also wiped out what they claimed she owed them. So she's no longer... I'm sorry. Sorry, go ahead. Go ahead, please. She owed them money only because they retroactively terminated her benefits. So that they say, well, you owe us from 2005 until, you know, we paid you in August of I think it was 2000, whenever, 14, 15, 2018. Yeah, I remember they said you weren't disabled at all. The whole thing was a fake and we want all our money back. And what I was wondering, I wasn't clear on whether the judge said pay her until we're done litigating and then we'll see about the so-called or claimed arrears or whether it was pay her the money. It was under the case of Panabecker, I think I cited in my brief there, P-E-N-N-B-E-C-K-E-R, something like that. They owe her all of the arrears and Klausner so found and ordered them to pay everything. Go ahead, please. Is the only question remaining whether she's entitled to continuing health benefits? She never got the health benefits. I understand. The question I'm asking is, is that the only open issue that the plans have yet to resolve? Yes. Okay. And if that's the case, why have you not invoked the provisions in ERISA? I think they're in the regulations, 29 CFR section 2560.503-1I, where the claim is deemed to have been denied if it's not decided within a reasonable time. Okay. And that allows federal action. They have actually decided it. They've decided it twice. I misspoke before. They've decided it twice. The first time we appealed that it was reversed, it was remanded back to the plan, where they made a second decision also denying her the health benefits. And I made a motion to reopen it after they made that decision, but Judge Real denied it on the grounds that they still haven't decided whether she's disabled or not. And Judge Kearney seems to be under the same impression, is he not? The latest judge? Yeah, he's under the same impression. He's waiting for them to make a decision that you say they've already made. Well, they made that decision when they awarded her the disability benefits back in 2004. So do you interpret that decision in 2004 to have been she's entitled to continuing health benefits? No, no, no. In 2004, they decided that she was totally disabled and that she was entitled to a disability pension. I think it was 2004. Then after that, she applied for the disability pension to get the health care. Right. Okay. That was denied her. That was Hoffman 1. That's the case we're in now. Okay. So we filed the lawsuit in Hoffman 1 for the health benefits. When it was remanded back to the court, by the court, it was remanded back to the plan. The plan then decided not only is she not entitled to the health care because she wasn't disabled from work on the job, but she wasn't even disabled at all all the time. Okay? Yeah. So when that came down, when the first decision came down about she's still not disabled from her work, I moved to open it up and say, okay, let's litigate whether her disability is from her work. Judge Real decided no because they haven't decided whether she's disabled yet. Okay? They've cut her off retroactively on her disability benefits while it was on remand. And that was Hoffman 2. Hoffman 2 was completed and they've paid her all the arrears. The only decision in that, the decision that she was not disabled was found to be an abuse of discretion, arbitrary interpretation by Judge Clausen after a bench trial. And the only decision regarding her disability that still exists that's even valid is the original one. Which is whether or not it was related to her work or not. No, which is that she's totally disabled and entitled to a pension. Okay? So the disability question isn't here anymore because they decided that before. They then changed their mind, but their change of mind was an abuse of discretion. So under Pannebecker, the only thing that remains is the valid decision that they made before, originally. Okay? So what's in front of us now then is the decision to deny her health benefits, which they did on the basis that, yeah, you're disabled, but it wasn't from work. Exactly. And I can't get a district court judge to hear that on the merits for some reason. Now, when the remand was accomplished, did the fund again decide that she was disabled but not because of her work? Or did they decide she wasn't entitled to health benefits because she wasn't disabled at all, even though the court had held a bench trial and decided that the decision that she wasn't disabled at all was an abuse of discretion? Okay. You've got it out of chronological order here. What happened was it was remanded back to the plan in Hoffman 1. They then decided that she meets all the criteria for getting the health insurance except that she wasn't injured as a result of her work. Okay? Then I went back to court saying, okay, let's look at this again. Judge Real refused to look at it. And then after he refused to look at it, then they decided, the plan decided that she was never disabled at all. So then I had to come back. I had to take the cart before the horse. I had to prove that she was disabled in order to get the health insurance for being disabled on the job. And you did. So I filed Hoffman 2, got the decision, and that's all settled now. She's disabled. The only decision that's still outstanding on that issue that's still valid is the original decision when they agreed to give her a 2004 disability benefit. So does the plan have anything left to do, or is it just a matter of the court having something left to do? Just the court. So what are you asking us to do? I think that's where I want to get to the hub of it. What are you asking this court to do? Just send it back to the court, tell the court this report, and tell them to make a decision. On what? I have no idea why Judge Carney dismissed the case. The case he cites, what is it, Adams v. California Department of Health Services, doesn't really apply to this case. It's very distinguishable. And I don't know why he decided to dismiss it on the basis of that case. Do you have any questions about that case or do you wish to discuss it? I'd be glad to. Normally, Mr. Fleischman, normally when we're asked to order a district court to do something, that's normal. And, again, I don't want to get too mired in procedure here, but that's usually a mandamus petition where we actually order a district court to do something. Normally, when an appeal is brought in this situation, we are reviewing a judgment of a court, and you're telling us that the court hasn't issued a judgment. No. So I'm not sure what we're reviewing. The court issued a final decision. I have no other remedy except by way of appeal. Well, that's not what I understood. Here's what the judge said in Excerpts of Record 102. He said that you're seeking to reopen Hoffman One so that the question whether a disability is occupational can be answered. But this puts the cart before the horse. That becomes relevant only after there's a determination that she's totally disabled. But that determination has not yet been made. Indeed, the question of whether a plaintiff is totally disabled is being actively litigated in the administrative proceedings following the remand of Hoffman Two. It would make little sense to allow plaintiffs to litigate whether her disability was occupational before the threshold question is answered by the plan. So the judge evidently thinks that there is nothing for the district court to do because the plan was still deciding whether she was disabled at all. She may have health benefits, but she wasn't. The pension plan, the one that decided that she's not disabled, after the remand by Judge Klaus, has never made a decision. It's been, what, two years now? They haven't made any decision or it's been a year, whatever it is. They haven't made any decision about whether she's disabled or not. It's not actively being litigated at all. Doesn't that amount under the regulations that Judge Tallman brought up to be treated under the law as effectively a decision that she's not? So she can't get health benefits and now it's back in court? No, I mean, they can't remain silent. The only decision they have that's valid is that she is. Sure they can remain silent. And if they remain silent for too long, the regulations say it's deemed to be a constructive denial. And therefore, you've exhausted your remedies before the plan. You should then file your lawsuit or ask for the lawsuit to be reopened. I did. So that you can challenge that. And that, yeah, I understand you're asking, but I have the same concern Judge Leinfeld has in reading that language. Judge Carney apparently is under the impression that there's something more for the plans to do. The plans haven't done anything. I don't know what they're supposed to be doing, but they haven't done anything. And it's been way over the time. And I did make a motion to reopen, just as you're supposed to do. As you suggest, I made a motion after the disability issue was the case Hoffman 2 was over. I made a motion to reopen Hoffman 1 because a disability issue has been settled. Let's now get down to the, let's get to the cart. We've already settled the horse. That's what I'm supposed to do. Make a motion to reopen. I'll have to talk to my colleagues about this, but I'll put it in the form of a question. In response to Judge Owen's question, it seems to me what you're asking us to do is to convert this appeal into a request for a writ of mandamus. And then what you want us to do is to issue that writ to the district court saying you erred in assuming that there were further proceedings before the plan. What you need to do, District Judge, is reopen the federal Hoffman 1 proceeding and allow Hoffman to litigate whether or not there is a nexus between her disability and her prior one. Yes and no. I don't want you, it's not a matter of, what the judge did is he also, if you read that opinion, his decision a little further, you'll see that what he said is he's not going to reopen this case ever. We could include a direction if we have jurisdiction, and that's another concern I have. Because he said that all he was doing was deciding the attorney's fee issue, but in his discretion he was not reopening Hoffman 1. So it seems to me that the mandamus order would have to say you erred and you need to reopen Hoffman 1 so that Hoffman can litigate what I'll call the nexus issue between her admitted disability and whether she can tie it to work. Yes. You would litigate that in federal court, not before the plan. Yes. Because we would deem the plans to have denied that claim. Well that would be fine. I just want to get back in the court and get a decision on Hoffman 1. I'm just trying to figure out if there's a mechanism by which we can get there. It seems so. I'd like to hear Mr. Schaffer's view. We're a little over time, Mr. Flesch. We'll give you a couple minutes to rebuttal. Mr. Schaffer, you have the floor, and perhaps you can help us understand where exactly we are in this case. Unfortunately, I think I'll pick up where you left off. I'm just confused about all of this. From what I can tell, let me step back a little bit. What was originally filed as whether or not the claim was documented or not? Excuse me, counsel. I can't understand you. The echo. Can you not hear me? Now we can. Now it's better. You've got to sit close. I've got to sit to the right. I've been doing this a lot. Sometimes it works, sometimes it doesn't. I think it's helpful to step back and take a look at where this case came from. Help me on one detail when we step back. Is it true that she's got all the money she's entitled to under disability because a bench trial was held and it was established that she was disabled and the plan is no longer making a claim for reimbursement to make her pay back the money she's gotten? Is that true? That's my understanding. There's been a settlement with respect to Hoffman, too, and all of those issues are resolved. When you say that's your understanding, that leaves room for the understanding to be mistaken. Can they still come after her for the money they paid her? I don't think so. I think the settlement says they're not going to. The decision's made that they're not going to. I think Mr. Fleischman agrees with that. I can never say anything's an absolute because I'm not the plan itself. I'm a fraternity. Well, you can, actually. You're the speaking agent for the plan, and I want to know if they want her money back. No, they do not want their money. So let me step back a little bit now. So we can take that as an estoppel against a claim to get the money back? Exactly. Exactly. Yes. So let's step back a little bit. The original lawsuit with Hoffman, one, was filed for whether or not the disability was occupational. This court demanded after a decision was made that it was not occupational, demanded it back to the plan to make an issue because they abused their discretion to re-decide that issue. Before it went back to the plan, however, an issue arose as to whether or not she was disabled at all. The decision was made that she was not disabled at all, to which Mr. Fleischman then filed the motion to Judge Reel to reopen the case. What Judge Reel said there was, no, there's two aspects to the remand. Whether or not she was disabled at all and whether or not the disability was occupational. A couple months later, it's all conceded that a final determination of both of those issues was made in about 2015, June of 2015. At that point, Mr. Fleischman, on behalf of Ms. Hoffman, decided to file a new lawsuit rather than attempt to reopen the case. Filed a brand new lawsuit, Hoffman 2, on behalf of just the disability, rather than bringing both issues together. So there's been a final determination of non-occupational, but that was made more than four years ago. So Judge Kaufman's right, the 45 days have passed, but also the statute of limitations, four years of that, to challenge... Well, the 45 days is not a limit on the plaintiff, it's a limit on the defendant. They're deemed to have acted if they don't act in 45 days. And I agree with that wholeheartedly, but they acted back in June of 2016 to deny both disability and occupational. Have they acted yet on the issue of assuming she is disabled? Was her disability occupational in nature? They decided both those issues. Yes, they decided both those issues in 2016. And Mr. Fleischman just appealed the disability... Wait a minute. I can't remember the dates for sure, but what they decided, their decision one was, she's disabled and she gets disability. Decision two was, she doesn't get health benefits because she's not disabled at all. And then she went to court and had a bench trial, and it was established that there was an abuse of discretion by the plan, so she was treated as disabled, and that's why she gets all the money and she gets to keep it for the disability. Have they ever made a decision three, assuming because we lost the trial that she is disabled, was her disability caused by her work? Have they made that decision? They made that decision before Hoffman 2 was filed. Mr. Fleischman then just filed a lawsuit on the disability issue and did not join with the occupational issue. And that's why when you look at the decision not to reopen the case, the court below Judge Carney says, why do we have two lawsuits pending? This is the exact same action that Ms. Hoffman on her own separated into two. That strikes me as a very easy thing to fix. You just consolidate the two cases. But the problem was nothing was done on Fleischman 1. This all happened back in 2016 or 2015. So Hoffman 1 sat there after a final determination by the plan for more than four years, for more than the statute of limitations to challenge a plan's decision before Mr. Fleischman brought the motion to reopen. But wait a minute. You don't have a statute of limitations operating on motions. You have a statute of limitations that operates on filing a lawsuit. So whether it was sitting before the motion was filed is not a statute of limitations issue. But the issue then comes down to, well, is there a time limit? So the question for the panel then is, is there a time limit from when a determination is made by an agency by which it needs to be appealed? Well, they're not an agency. They're an insurance company, basically a pension plan. They're not a government agency the way they like to pretend they are. I misspoke. I misspoke. But the decision, we have a threshold issue here as to whether or not the district court attained jurisdiction over Hoffman 1. Mr. Fleischman's argument is there's a presumption of that. We've cited case law that says you can retain jurisdiction, but there's no presumption, so if there's nothing in the order, we're not going to. Mr. Fleischman seems to believe the district court did not retain jurisdiction because he filed a new lawsuit, Hoffman 2, over half of the issues decided by the plan. So he's now arguing that, well, you can file a new lawsuit. Wait a minute. What it looks to me like is the judges, all the many judges who've been involved in this, other than Judge Reel in the first instance before the other judges got the case, all the judges think we're waiting for the plan. And the plan thinks we're all done. But the plan, as I understand it, has never decided, okay, assuming that you are disabled, it's not because of your work as a stunt woman. It's because of an independent health problem. The plan didn't decide that because when the health benefits issue was before it, it decided ultimately that she wasn't disabled. It decided that. Here's where you're misstepping. They decided that. They decided no disability and no occupational. But that's now a void. That's an ineffective decision now. It's a void decision because it was overturned by the district court after a bench trial. Isn't that right? No, I don't think that's right because the second overturning was just of Hoffman 2. There was never a challenge to the non-occupational notion of the disability. And probably the better course, we wouldn't be here. I thought there was. I thought that's what the abuse of discretion was. I think one of the several instances of abuse was supposed to be you say you can't work because of your disability, and we say you can because you've held yourself out as being able to work. And then she said, no, I can't work. Look at my tax returns. They show I've made no money. I haven't made any significant amount of money. And the plan said we won't look at your tax returns. And then the court said that was an abuse of discretion. You should have looked at her tax returns. There were some other abuses of discretion, too. And then the bench trial was held and the court said, yep, you're disabled. And that's what we have. What have I got wrong there? We have the confusion of the two different lawsuits. That's the problem. Huffman won was the occupational issue. And the Ninth Circuit did determine there was an abuse of discretion with respect to Huffman won on the determination of occupational harm. Before it was remanded to the plan, the court said not only is there an issue of the occupational, there's an issue of disability. The plan then addressed all of those issues. But Ms. Huffman then only filed a lawsuit, Huffman 2, on the disability claim. Okay, Mr. Schaefer, let me see if I can restate what I think your position is. That when the plan decided in 2016 that she was not disabled and that even if she was disabled, it had nothing to do with her work. I'll call it disability and next. Then he split her claim and only appealed the disability issue in Huffman 2. And she had 30 days within which she had to appeal the nexus ruling by the plan. And because she didn't include it in Huffman 2, she is now barred by the statute of limitations from resurrecting the nexus. That's really my argument. I don't understand why it was not brought into Huffman 2. But I don't see how four years later you can reopen Huffman 1. You don't have to reopen a case if it's never gone to a final judgment. It's open. The judgment would be final within 30 days as to the nexus claim if she didn't appeal it. Right? Well, I think the issue for me remains in this case. I still don't know after 25 minutes of argument what exactly we're doing in this case. But I think we've heard from both sides. Mr. Fleischman, I said I'd give you a couple minutes. So go ahead. Let's put two on the clock. Okay. After the remand the first time of Huffman 1, and they decided that she meets all the criteria for the health insurance except she wasn't injured on the job, I immediately went back to Judge Riel and asked him to reopen the case, which is exactly what you're supposed to do.  He refused to reopen the case, saying they still haven't decided whether she's disabled or not. Well, you know, it's going to be a late decision if we're waiting for them to decide if she's disabled. It's going to be more than 45 days. In fact, it was more than 45 days when I went back and made my motion. So I'm going to have one case, and then I've got to go through an administrative appeal on the denial of the disability benefits. And then I'm going to have two administrative records. One is going to be reviewed de novo because the health issue is going to be reviewed de novo because they didn't make the final decision until almost a year after the remand. In July they made the final decision. So that has got to be reviewed de novo because it was an untimely decision. But Mr. Fleischman, if I could just jump in. I mean, look, in our job in this court, we don't review errors. We don't review issues. We review orders. We review final orders. That's what we do in this job. And so I'm just trying to understand, what is the final order from the district court you are asking us to review in reverse? He, in effect, dismissed Hoffman 1 because it wasn't joined with Hoffman 2. This is Judge Carney you're talking about. Judge Carney. And it didn't have to be attached to Hoffman 2. You didn't have to file them both together. They were two separate issues. One was health benefits. One was disability benefits. One dealt with an administrative record that ended before they even denied the disability benefits. And so you're saying that Judge Carney's order, which does not say it's a final order, we should treat it as a final order. Because it prevents me from doing anything but come in here. No, so really, to me, that's the nub of what you're asking us to do. What you're saying is that Judge Carney's order, even though it says it's not final, it really is. And because it was wrong, we need to reverse that. Exactly. Okay. That's what I just want to make sure. That's what you're asking us to do. Okay. All right. Well, look, unless my colleagues have any other questions, I want to thank counsel for their argument. I will say this is easily the most confusing procedural history we've had this week and maybe this year. But that's what happens in this job sometimes. So I thank you both. This matter is submitted. Thank you.
judges: Kleinfeld, Tallman, Owens